# U.S. District Court
# Middle District of Louisiana (Baton Rouge)
# CRIMINAL DOCKET FOR CASE #: 3:17−mj−00088−UNA All Defendants
*Internal Use Only*

| | |
|---|---|
| Case title: USA v. Bossev | Date Filed: 08/17/2017 |

Assigned to: Judge Unassigned

**Defendant (1)**

| | | |
|---|---|---|
| **Iordan Bossev**<br>*also known as*<br>Alexander Petrov | represented by | **Michael Adams Fiser**<br>The Fiser Law Firm, LLC<br>1055 Laurel Street<br>Baton Rouge, LA 70802<br>225−343−5059<br>Fax: 225−778−7383<br>Email: michael@fiserlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: CJA Appointment<br><br>**Richard M. Upton**<br>Federal Public Defenders Office−BR<br>707 Florida Street<br>Suite 303<br>Baton Rouge, LA 70801<br>225−382−2118<br>Fax: 225−382−2119<br>Email: mark_upton@fd.org<br>*ATTORNEY TO BE NOTICED*<br>Designation: Federal Public Defender Appointed |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

**Complaints**                               **Disposition**

18:2251.F, 18:2422.F, 18:2423.F,
18:2422.F

---

**Plaintiff**

USA                    represented by    **Cam T. Le**
                                         United States Attorney's Office – BR
                                         Middle District of Louisiana
                                         777 Florida Street, Suite 208
                                         Baton Rouge, LA 70801
                                         225–389–0443
                                         Fax: 225–389–0561
                                         Email: cam.le@usdoj.gov
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*
                                         *Designation: Assistant United States Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/17/2017 | 1 | 4 | NOTICE OF INITIAL APPEARANCE as to Iordan Bossev: Initial Appearance set for 8/18/2017 at 03:30 PM in Courtroom 5 before Magistrate Judge Erin Wilder–Doomes. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 08/17/2017) |
| 08/17/2017 | 4 | 8 | Charging Documents from the Northern District of New York in a Rule 5(c)(3) case as to Iordan Bossev (Attachments: # 1 Executed Arrest Warrant)(BLR) (Entered: 08/22/2017) |
| 08/18/2017 | 2 | 5 | MINUTE ENTRY for proceedings held before Magistrate Judge Erin Wilder–Doomes. Initial Appearance in Rule 5(c)(3) Proceedings as to Iordan Bossev held on 8/18/2017. Dft was sworn and advised of his rights and the purpose of this hearing. Dft advised that his financial condition had not changed. Court found dft eligible for court appointed counsel and ordered CJA panel attorney, Michael A. Fiser, to represent the dft in this matter. Michael A. Fiser made an appearance on behalf of the dft. The Indictment was read, informing dft of the charges pending against him in the Northern District of New York. Counsel verified that dft had been provided with a copy of the arrest warrant. Dft waived the identity hearing in this matter and the waiver was signed and filed with the court. The government moved for detention. Dft advised that he elects to proceed with the detention hearing in this court. The detention hearing in this matter will be consolidated with the detention hearing in 17–cr–3–BAJ–EWD and will be conducted on Monday, August 21, 2017 at 9:00 a.m. in Courtroom 5. No party objects to the consolidation of the detention hearings. Dft was remanded to the custody of the United States Marshal. (BLR) (Entered: 08/22/2017) |
| 08/21/2017 | 5 | 12 | MINUTE ENTRY for proceedings held before Magistrate Judge Erin Wilder–Doomes:Initial Appearance in Rule 5(c)(3) Proceedings (Continued) as to Iordan Bossev held on 8/21/2017: The government moved for detention. Maia |

|            |   |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
|------------|---|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |   |    | Yordanov was called as a witness on behalf of the dft. US Exhibits 1–8 were offered and admitted into evidence without objection. Counsel presented arguments. The court found that the government met its burden of showing by a preponderance of the evidence that dft is a risk of flight and that the government met its burden of showing by clear and convincing evidence that there is no combination of conditions that could reasonably assure the safety of the community. In light of the analysis of the factors regarding detention, the court ordered that defendant shall remain DETAINED pending trial of this matter. The court notes defense counsel's objection to the court's findings. The dft was remanded to the custody of the U. S. Marshal. Pursuant to Local Rules, offering parties shall retain custody of exhibits. The dft is released with conditions. (BLR) (Entered: 08/22/2017) |
| 08/22/2017 | 3 | 7  | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Iordan Bossev: Because the above named defendant has satisfied this Court that he/she: (1) is unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require, IT IS ORDERED that Michael A. Fiser, CJA panel attorney, is appointed to represent the defendant in the matter. The defendant may be required to contribute to the cost of this representation depending on circumstances to be determined at a later date. Signed by Magistrate Judge Erin Wilder–Doomes on 8/22/2017. (BLR) (Entered: 08/22/2017) |
| 08/23/2017 | 6 | 14 | WAIVER of Rule 5 & 5.1 Hearings by Iordan Bossev. (LLH) (Entered: 08/23/2017) |
| 08/23/2017 | 7 | 15 | ORDER OF DETENTION Pending Trial as to Iordan Bossev. Signed by Magistrate Judge Erin Wilder–Doomes on 8/22/2017. (LLH) (Entered: 08/23/2017) |
| 08/23/2017 | 8 | 18 | COMMITMENT TO ANOTHER DISTRICT as to Iordan Bossev. Defendant committed to the Northern District of New York. Signed by Magistrate Judge Erin Wilder–Doomes on 8/22/2017. (LLH) (Entered: 08/23/2017) |

**Case #: 3:17–mj–00088–UNA**

```
MIME-Version:1.0
From:enoticing@lamd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Michael Adams Fiser (michael@fiserlaw.com), Cam T. Le
(cam.le@usdoj.gov, caseview.ecf@usdoj.gov, ricki.ledoux@usdoj.gov), Judge Unassigned
(brandy_lemelle@lamd.uscourts.gov, erin_wilder-doomes@lamd.uscourts.gov,
joan_sheets-launey@lamd.uscourts.gov, richard_bourgeois@lamd.uscourts.gov)
--Non Case Participants: U. S. Marshals Office (court.mail-lam@usdoj.gov), U. S. Probation
and Pretrial Services (lampml_nef_general_notices@lamp.uscourts.gov)
--No Notice Sent:

Message-Id:1876587@lamd.uscourts.gov
Subject:Activity in Case 3:17-mj-00088-UNA USA v. Bossev Notice of Initial Appearance -
RLB
Content-Type: text/html
```

# U.S. District Court

## Middle District of Louisiana

### Notice of Electronic Filing

The following transaction was entered on 8/17/2017 at 9:13 PM CDT and filed on 8/17/2017

| | |
|---|---|
| **Case Name:** | USA v. Bossev |
| **Case Number:** | 3:17-mj-00088-UNA |
| **Filer:** | |
| **Document Number:** | 1(No document attached) |

**Docket Text:**
 **NOTICE OF INITIAL APPEARANCE as to Iordan Bossev: Initial Appearance set for 8/18/2017 at 03:30 PM in Courtroom 5 before Magistrate Judge Erin Wilder-Doomes. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR)**


**3:17-mj-00088-UNA-1 Notice has been electronically mailed to:**

Cam T. Le &nbsp &nbsp cam.le@usdoj.gov, CaseView.ECF@usdoj.gov, ricki.ledoux@usdoj.gov

Michael Adams Fiser &nbsp &nbsp michael@fiserlaw.com

**3:17-mj-00088-UNA-1 Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | Magistrate No. 17-MJ-88 | |
| -vs- | | | |
| IORDAN BOSSEV a/k/a Alexander Petrov | | AUSA: Cam T. Le | |
| JUDGE: | Erin Wilder-Doomes | DATE: | August 18, 2017 |
| DEPUTY CLERK: | Brandy Lemelle Route | TAPE/REPORTER: | |
| INTERPRETER: | | PRETRIAL/PROBATION: | |

### RULE 5(c)(3) HEARING

The defendant was sworn and advised of his rights and the purpose of this hearing.

Upon questioning by the court the defendant advised that his financial condition had not changed and that he had been incarcerated since at least February 17, 2017 when the Order of Detention was issued in 17-cr-3-BAJ-EWD, which is pending in the Middle District of Louisiana. The court found defendant eligible for court appointed counsel and ordered CJA panel attorney, Michael A. Fiser, to represent the defendant in this matter.

Michael A. Fiser made an appearance on behalf of the defendant.

The Indictment was read, informing defendants of the charges pending against him in the Northern District of New York. Counsel verified that defendant had been provided with a copy of the arrest warrant.

The defendant waived the identity hearing in this matter and the waiver was signed and filed with the court.

The government moved for detention of the defendant under 18 U.S.C. §3142(f)(1)(E) on the basis the offense involves a minor victim and 18 U.S.C. §3142(f)(2)(A) on the basis

Cr26T0:20

2

that the defendant is a risk of flight. Defendant advised that he elects to proceed with the detention hearing in this court.

The detention hearing in this matter will be consolidated with the detention hearing in 17-cr-3-BAJ-EWD and will be conducted on Monday, August 21, 2017 at 9:00 a.m. in Courtroom 5. No party objects to the consolidation of the detention hearings.

The defendant was remanded to the custody of the United States Marshal.

**********

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | MAGISTRATE ACTION |
| VERSUS | NO. 17-88-UNA |
| IORDAN BOSSEV a/k/a<br>Alexander Petrov | |

## ORDER APPOINTING
## FEDERAL PUBLIC DEFENDER

Because the above named defendant has satisfied this Court that he/she: (1) is unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require,

**IT IS ORDERED** that Michael A. Fiser, CJA panel attorney, is appointed to represent the defendant in the matter. The defendant may be required to contribute to the cost of this representation depending on circumstances to be determined at a later date.

Signed in Baton Rouge, Louisiana, on August 22, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　ERIN WILDER-DOOMES
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:17-CR-224 (GTS) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| **IORDAN BOSSEV,** | ) | Violations: 18 U.S.C. § 2251(a) & (e) [Sexual Exploitation of a Child] |
| aka **ALEXANDER PETROV,** | ) | |
| | ) | 18 U.S.C. § 2422(b) [Persuading, Inducing and Enticing a Minor to Engage in Sexual Activity] |
| | ) | |
| | ) | 18 U.S.C. § 2423(b) [Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor] |
| | ) | |
| | ) | 18 U.S.C. § 2422(a) [Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity] |
| | ) | 4 Counts |
| Defendant. | ) | County of Offense: Jefferson |

## THE GRAND JURY CHARGES:

### COUNT 1
**[Sexual Exploitation of a Child]**

From in or about March of 2015 through in or about November of 2015, in Jefferson County, in the Northern District of New York and elsewhere, defendant **IORDAN BOSSEV** did use, persuade, induce, and entice a minor male child born in 2001, whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where defendant knew and had reason to know that such visual depictions would

8

be transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, where the visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where such visual depictions had actually been transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e).

## COUNT 2
[Persuading, Inducing and Enticing a Minor to Engage in Sexual Activity]

From in or about March of 2015 through in or about November of 2015, in Jefferson County, in the Northern District of New York and elsewhere, defendant **IORDAN BOSSEV**, using a facility and means of interstate and foreign commerce, that is, the internet, knowingly persuaded, induced, and enticed a minor under 18 years of age, that is, a minor male child born in 2001 whose identity is known to the grand jury, to engage in sexual activity for which a person could be charged with a criminal offense, that is a violation of New York State Penal Law Section 260.10(1), Endangering the Welfare of a Child, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 3
[Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor]

In or about May of 2015, in Jefferson County, in the Northern District of New York and elsewhere, defendant **IORDAN BOSSEV**, traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, that is with a minor under 18 years of age, whose identity is known to the grand jury, in that, defendant traveled from Louisiana to New York

State for the purpose of engaging in illicit sexual conduct with a male child born in 2001, in violation of Title 18, United States Code, Section 2423(b).

### COUNT 4
[Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity]

In or about November of 2015, in Jefferson County, in the Northern District of New York and elsewhere, defendant **IORDAN BOSSEV**, knowingly persuaded, induced, and enticed an individual to travel in interstate commerce to engage in sexual activity for which a person could be charged with a criminal offense, that is a violation of New York State Penal Law Section 260.10(1), Endangering the Welfare of a Child, in that, defendant persuaded, induced, and enticed a minor male child born in 2001 to travel from New York State to California and thereafter to Oregon and Washington, in violation of Title 18, United States Code, Section 2422(a).

Dated: August 16, 2017

A TRUE BILL, \*\*NAME REDACTED

_____
Grand Jury Foreperson

GRANT C. JAQUITH
Acting United States Attorney

By: _____
Miroslav Lovric
Assistant United States Attorney

3

10

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| United States of America | ) |
| v. | ) |
| IORDAN BOSSEV | ) Case No. 5:17-CR-224 |
| aka | ) (GTS) |
| ALEXANDER PETROV | ) |
| | ) |
| Defendant | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* IORDAN BOSSEV, aka ALEXANDER PETROV,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) & (e); Persuading, Inducing and Enticing a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b); Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b) and Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(a)

Date: 08/16/2017

*Issuing officer's signature*

City and state: Syracuse, New York  Hon. Therese Wiley Dancks Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* 8/16/17, and the person was arrested on *(date)* 8/16/17
at *(city and state)* Baton Rouge, LA

Date: 8/16/17

*Arresting officer's signature*

Already in custody on prior charges

Jeff Bowie DUSM
*Printed name and title*

11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | Magistrate No. 17-88-UNA | |
| -vs- | | Charging District No. 5:17-CR-224 | |
| IORDAN BOSSEV a/k/a Alexander Petrov | | AUSA: Cam T. Le | |
| JUDGE: | Erin Wilder-Doomes | DATE: | August 21, 2017 |
| DEPUTY CLERK: | Brandy Lemelle Route | TAPE/REPORTER: | |
| INTERPRETER: | | PRETRIAL/PROBATION: | Erica Hives Johnson |

RULE 5(c)(3) HEARING (continued)

Michael A. Fiser made an appearance on behalf of the defendant.

The government moved for detention of the defendant under 18 U.S.C. §3142(f)(1)(E), on the basis that the offense involves a minor victim under 18 U.S.C. §§ 2251, 2422 and 2423, and under 18 U.S.C. §3142(f)(2)(A), on the basis that the defendant is a risk of flight.

Maia Yordanov was called as a witness on behalf of the defendant.

US Exhibits 1-8 were offered. US Exhibits 1-8 were admitted into evidence without objection.

Counsel presented arguments

The court took a recess to review the evidence submitted with the pretrial services officer.

For oral reasons given, the court found that the government met its burden of showing by a preponderance of the evidence that defendant is a risk of flight and that the government met its burden of showing by clear and convincing evidence that there is no combination of conditions that could reasonably assure the safety of the community.

Cr26;T2:00

12

**In light of the analysis of the factors regarding detention, the court ordered that defendant shall remain DETAINED pending trial of this matter.**

**The court notes defense counsel's objection to the court's findings.**

**The defendant was remanded to the custody of the U. S. Marshal.**

Cr26;T2:00

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br>**IORDAN BOSSEV**<br>a/k/a ALEXANDER PETROV<br>*Defendant* | Case No. 17-mj-00088-UNA<br><br>Charging District's Case No. 5:17-CR-224 |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Northern District of New York.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing ~~and production of the warrant~~.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 08/18/2017

*Defendant's signature* — Iordan Bossev

*Signature of defendant's attorney*

*Printed name of defendant's attorney* — Michael Fiser

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| United States of America | ) |
|---|---|
| v. | ) |
| IORDAN BOSSEV a/k/a "Alexander Petrov" | ) Case No. 17-mj-88/Charging Dist. 5:17-cr-224 |
| Defendant | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ (e) any felony that is not otherwise a crime of violence but involves:
    (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**
☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ☑ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The nature and circumstances of the offense charged weigh in favor of detention. Charges involve knowing receipt of child pornography, but also persuading, inducing and enticing a minor to engage in sexual activity, traveling in interstate commerce with the intent to engage in illicit sexual conduct with a minor, and persuading, inducing and enticing an individual to travel in interstate commerce to engage in sexual activity. The weight of the evidence also weighs in favor of detention. US Exhibits 1 and 2 detail the facts surrounding the crimes Mr. Bossev is alleged to have committed, with US Exh. 2 being an account from the alleged victim. The history and characteristics of the defendant are neutral. Defendant has no prior criminal history and obviously has a mother who loves him very much and has taken a very active role in attempting to help him. Of significant concern to the court, however, is documentation in US Exhibits 3 and 4, as well as the narrative contained in US Exh. 1, which indicate that Mr. Bossev obtained not just a fake driver's license, but also a fake social security card using the alias Alexander Petrov. Additionally, the testimony from Ms. Yordinov was that defendant has ties to Bulgaria and US Exh. 5 indicates that the defendant can speak Bulgarian, Russian and Serbian. Perhaps of the most concern is that defendant was able to evade law enforcement for at least six months. The warrant of arrest was issued out of the Middle District of La. on June 10, 2016 and the defendant was not arrested until December 13, 2016. Although defense counsel has suggested through his questioning that home incarceration may be a condition that would alleviate the court's concerns about risk of flight, as the government correctly pointed out, although home incarceration would require Mr. Bossev to wear a GPS monitor, if Mr. Bossev decided to cut the ankle bracelet and abscond, his history suggests it could be many months before he would be located. The nature of the crimes for which Mr. Bossev is charged are serious, particularly because they involve a minor victim, but also because that minor victim was at most only 15 years old when these crimes allegedly occurred. Facing very significant prison time for these charges and Mr. Bossev has already shown that he is capable of disappearing for extended periods of time with relatively little means. However, in looking to the overall nature and seriousness of the risk Mr. Bossev poses to other and the community, the fact there were no weapons involved in this case and a lack of criminal history are factors that weigh against detention. After weighing all the factors, I find that the government has met its burden of showing by a preponderance of the evidence that detention is required based on risk of flight. I also find that the government has met its burden of establishing by clear and convincing evidence that defendant is a danger to the community, particularly given the difficulty in monitoring computer based offenses, defendant's obvious resourcefulness in evading capture, and the fact his alleged crimes involve a minor victim and interstate travel with that victim.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 08/22/2017

*Erin Wilder-Doomes*     Erin Wilder-Doomes
United States Magistrate Judge

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| | ) | Case No. 17-MJ-88-UNA |
| IORDAN BOSSEV | ) | |
| a/k/a ALEXANDER PETROV | ) | Charging District's |
| Defendant | ) | Case No. 5:17-CR-224 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ___Northern___ District of ___New York___,
*(if applicable)* _____ division. The defendant may need an interpreter for this language:
_____.

The defendant: ☐ will retain an attorney.
☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 08/22/2017

*Judge's signature*

Magistrate Erin Wilder-Doomes
*Printed name and title*