IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:17-CR-224 (GTS) and<br>5:17-CR-327 (GTS) |
| | ) | |
| v. | ) | **Rule 11(c)(1)(C) Plea Agreement** |
| | ) | |
| **IORDAN BOSSEV,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and defendant **IORDAN BOSSEV** (hereinafter "the defendant"), by and through the defendant's counsel of record, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1) **The Defendant's Obligations:**

   a) **Guilty Plea:** The defendant will change the defendant's previously-entered plea of "not guilty" and plead guilty to Counts 1 and 2 of the indictment in Case No. 5:17-CR-327 (GTS) charging Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and Counts 3 and 4 of the indictment in Case No. 5:17-CR-224 (GTS) charging Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b) and Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(a).

   b) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013. The defendant agrees to deliver a check or money

order to the Clerk of the Court in the amount of $400, payable to the U.S. District Court, at the time of sentencing.

c) **Additional Special Assessment:** In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000 pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

d) **Compliance with Other Terms of Agreement:** The defendant will comply in a timely manner with all of the terms of this plea agreement.

e) **Restitution:** The minor depicted in the images and/or video(s) involved in the defendant's criminal activity, along with any and all relevant conduct, is a victim of his offenses, whether or not this minor is named in the indictment or identified in the factual basis of the defendant's guilty plea. The defendant therefore consents to an order pursuant to 18 U.S.C. §2259(b) directing him to pay restitution to this victim in the amount of $10,000. The parties agree that this is "an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses," and is a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim's losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014).

f) **Forfeiture:** Pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p), the defendant will consent to entry of an order directing forfeiture to the United States in Case No. 5:17-CR-

327 (GTS) of the property described below, or to any substitute assets, or to a money judgment, all as more fully set out below:

(1)   One Alienware desktop computer, serial number 4M5KWR1;

(2)   Condoms, Magnum XL, and Durex;

(3)   One box labeled "Motion Sickness" containing tablets. Total approximate weight: 33.4 grams;

(4)   Copy of letter to Mr. John Rose at 7350 State Avenue, Apt. 210, Kansas City, Kansas, requesting identification;

(5)   One Washington State identification card, License No. GAGE*mB087N4;

(6)   Two Permanent Resident cards in the names of Alexander Petrov and Nathan Petrov;

(7)   One black "Swiss Gear" backpack containing men's and women's clothing;

(8)   One envelope (torn into multiple pieces) said to once contain the identification of Alexander Petrov and Nathan Petrov;

(9)   Paper documents, some containing user names and passwords;

(10)  One Washington Quest Electronic Benefit Transfer (EBT) credit/debit card in the name of Michael Gage;

(11)  One Nintendo DS, S/N: UG237911339;

(12)  One red and black 8 GB Unirex 2.0 flash drive;

(13)  One prescription bottle of medication said to contain Mirtazapine;

(14)  Paper documents from CVS Pharmacy with the name of Nathan Petrov for the medication Fluoxetine HCL;

(15)  One Boost Mobile card, #1830 44929 74368;

(16)     One ASUS laptop computer, Model Q302L, C/N: 5638;

(17)     Three high school transcripts in the name of Alexander Petrov;

(18)     One Asus laptop computer, Model Q302L, C/N: 6820;

(19)     One Boost Mobile card, #123 886 0768 6088;

(20)     Paper documents from CVS Pharmacy, printed with the name Nathan Petrov;

(21)     One IBM Think Pad, Model 0578-F7U;

(22)     One medicine bottle containing forty-nine pills, with the name Nathan Petrov;

(23)     One ZTE cell phone, black with red band on the edge;  and

(24)     One Alienware desktop computer, SN: 4M5KWR1.

If any of the property described above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Fed. R. Crim. P. 32.2(e).

2)    **The Government's Obligations:**

a) **Dismissal of remaining charges:** Upon imposition of a sentence consistent with the terms of this agreement, the government will move to dismiss all charges against the defendant in Case No. 5:17-CR-224 (GTS)  other than those to which the defendant pled guilty pursuant to this agreement and on which the Court imposed sentence.  Such dismissal will be without prejudice, permitting the government to seek reinstatement of any and all of those charges if the guilty plea and sentence do not remain in effect.

b) **Non-prosecution for other offenses:** For so long as the defendant's guilty plea and the sentence remain in effect, the government will not seek other federal criminal charges against the defendant based on conduct described in the indictments in Case Nos. 5:17-CR-224 (GTS) and 5:17-CR-327 (GTS) and/or in the paragraph of this agreement entitled "Factual Basis for Guilty Plea," occurring before the date on which the defendant signs this agreement. This agreement does not prevent the government from seeking charges based on other conduct.

c) **Compliance with Other Terms of Agreement:** The government will comply in a timely manner with all of the terms of this plea agreement.

3) **Agreed-Upon Disposition:** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Government and the defendant agree that the sentence of 72 months of imprisonment, a term of supervised release of life, an order of restitution of $10,000, as described above, forfeiture of the items set forth above, a special assessment of $400 and an additional special assessment of $5,000 is the appropriate disposition of this case. The United States Attorney's Office and the defendant agree that, to the extent the agreed-upon disposition departs from the applicable sentencing guidelines range, that departure would be made for justifiable reasons under U.S.S.G. §6B1.2(c)(2). In particular, the specified sentence is reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, the offense of conviction, and related relevant conduct.

4) **Potential Maximum Penalties:** The defendant understands that the Court can impose the following maximum penalties for the offenses to which the defendant agrees to plead guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below

a) **Count 1: Receipt of Child Pornography** (Case No. 5:17-CR-327 (GTS))

(1) **Maximum term of imprisonment:** 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

(2) **Mandatory minimum term of imprisonment:** 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

(3) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571.

b) **Count 2: Possession of Child Pornography** (Case No. 5:17-CR-327 (GTS))

(1) **Maximum term of imprisonment:** 10 years, pursuant to 18 U.S.C. § 2252A(b)(2).

(2) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571.

c) **Count 3: Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor** (Case No. 5:17-CR-224 (GTS))

(1) **Maximum term of imprisonment:** 30 years, pursuant to 18 U.S.C. § 2423(b).

(2) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571.

d) **Count 4: Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity** (Case No. 5:17-CR-224 (GTS))

(1) **Maximum term of imprisonment:** 30 years, pursuant to 18 U.S.C. § 2422(a).

(2) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571.

e) **Supervised release term:** In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment. *See* 18 U.S.C. § 3583(k). A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

f) **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For

initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment. Further, notwithstanding the description set out above of the consequences of a violation of the conditions of supervised release, if the defendant, while on supervised release, commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, of Title 18 for which imprisonment for a term longer than 1 year can be imposed, the court will revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years on the violation.

5) **Elements of Offenses:** The defendant understands that the following are the elements of the offenses to which the defendant agrees to plead guilty. The defendant admits that the defendant's conduct satisfies each and every one of these elements.

    a) **Count 1: Receipt of Child Pornography** (Case No. 5:17-CR-327 (GTS))

        (1) *First*, that the defendant knowingly received a visual depiction;

        (2) *Second*, that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

        (3) *Third*, the visual depiction was child pornography; and

        (4) *Fourth*, the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

b) **Count 2: Possession of Child Pornography** (Case No. 5:17-CR-327 (GTS))

  (1) *First*, that the defendant knowingly possessed material that contains one or more visual depictions which were child pornography;

  (2) *Second*, the visual depiction had been mailed or shipped or transported using a means and facility of interstate commerce or foreign commerce, or in or affecting such commerce by any means including by computer, or was produced using materials that had been shipped or transported in and affecting such commerce by any means including by computer; and

  (3) *Third,* the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of an actual minor engaged in sexually explicit conduct.

c) **Count 3: Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor** (Case No. 5:17-CR-224 (GTS))

  (1) *First*, defendant traveled in interstate commerce; and

  (2) *Second*, the travel was for the purpose of engaging in illicit sexual conduct with a minor under 18 years of age.

d) **Count 4: Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity** (Case No. 5:17-CR-224 (GTS))

  (1) *First*, defendant knowingly persuaded, induced, or enticed an individual to travel in interstate commerce;

  (2) *Second*, for the purpose of engaging in any sexual activity; and

  (3) *Third,* the sexual activity is of a type for which any person can be charged with a criminal offense.

6)  **Factual Basis for Guilty Plea:** The defendant admits the following facts, that those facts demonstrate the defendant's guilt for the offenses to which the defendant is pleading guilty, and that there are no facts establishing a viable defense to those offenses:

a)  In March of 2015, the defendant, then an 18 year old male, met the victim, a 13 year old male, online and began communicating extensively via the internet with the victim.[1]  At the time, the victim resided in Jefferson County New York, which is located in the Northern District of New York, and the defendant resided in Baton Rouge, Louisiana.  The two communicated on the internet via Skype, Steam, and texting.  The defendant used his cellular telephone and a computer to access the internet to communicate with the victim.  Similarly, the victim used his computer and cellular telephone to communicate with the defendant.

b)  The defendant's communications with the victim became sexual in nature and the defendant sought and received via the internet numerous sexually explicit images of the victim from March 2015 through November 2015.  The defendant stored some of those images on his Alienware desktop computer, serial number 4M5KWR1, which was located in Baton Rouge, Louisiana.   In October 2015, a number of sexually explicit images sent from the victim to the defendant were found on the defendant's Alienware desktop computer in Baton Rouge, Louisiana.  Those images include close up images of the victim masturbating his erect penis.

c)  In May 2015, after approximately 2 months of sending sexually explicit images back and forth the defendant traveled from Louisiana to Watertown to meet the victim for the purpose of engaging in illicit sexual conduct with the victim.   Prior to the meeting, the

---

[1] Shortly thereafter the victim turned 14 and the defendant turned 19.

defendant explicitly described the sexual conduct he intended to engage in with the victim when he arrived in Jefferson County. In anticipation of this sexual liaison the defendant rented a hotel room in Jefferson County a couple miles from where the defendant lived. When the defendant arrived he and the victim spent parts of 2 days in the hotel room the defendant rented engaging in illicit sexual activities.

d) In November of 2015, the defendant traveled to Jefferson County with the intention of running away with the victim so the two could further engage in illicit sexual activity. The defendant bought a disguise for the victim at a local Walmart so the victim could dress up as a female and the two fled together via bus to New York City. From New York City the defendant purchased tickets for the two to travel by Greyhound bus to San Francisco, California. From November 2015 to December 2016, the defendant and the victim lived together in San Francisco, California, Seattle, Washington and Portland, Oregon. During this time frame the defendant engaged in unlawful sexual activity for which the defendant could be charged with a criminal offense including but not limited to violations of New York Penal Law Section 260.10(1), Endangering the Welfare of a Child and New York Penal Law Section 130.45, Criminal Sexual Act in the second degree.

7) **Waiver of Rights to Appeal and Collateral Attack:** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following (except that the defendant does not waive the right to raise a claim based on alleged ineffective assistance of counsel):

a) The convictions resulting from the defendant's guilty plea;

b) Any sentence consistent with the agreed-upon disposition described above or any less severe sentence.

A. **Right to Counsel:** The defendant has a right to assistance of counsel in connection with settlement of this case and understands that right. Defense counsel has advised the defendant of nature of the charges to which the defendant is agreeing to plead guilty and the range of possible sentences.

B. **Waiver of Trial-Related Rights:** The defendant has the following additional constitutional rights in connection with the charges in this case: (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present defense evidence; and (vi) to remain silent and be protected against compelled self-incrimination. The defendant understands that by pleading guilty, the defendant waives (gives up) these rights.

C. **Court Not Bound by Plea Agreement:** This plea agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Court is neither a party to, nor bound by this Plea Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the United States Probation Office. If the Court rejects the provisions of this agreement agreeing to a specific sentence, the Court will inform the parties that the court rejects the plea agreement; advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

D. **Sentencing:**

a. **Maximum terms of imprisonment:** The defendant understands that if the Court rejects the Plea Agreement and the defendant does not withdraw the guilty plea, then the Court has discretion to impose a sentence within the statutory maximum sentence(s) set out in this agreement. If the defendant is pleading guilty to multiple charges, the Court may be required by law to have the sentences of imprisonment on the convictions resulting from those charges run consecutively to each other. Otherwise, the Court has discretion to have sentences of imprisonment run concurrently or consecutively. See 18 U.S.C. § 3584.

b. **Mandatory minimum terms of imprisonment:** If specified in this agreement, the conviction on one or more charges to which the defendant has agreed to plead guilty may require imposition of a mandatory minimum term of imprisonment. In such cases if the Court rejects the Plea Agreement and the defendant does not withdraw the guilty plea, the court must impose a term of imprisonment no less than the required mandatory minimum term unless an exception to that requirement applies. Such exception may be dependent on a motion by the government.

c. **Section 851 Enhancements:** The defendant understands that if the government has filed an information against the defendant as provided 21 U.S.C. § 851, alleging that the defendant has one or more final convictions for a felony drug offense, and, as part of this agreement, the defendant has admitted and/or affirmed that the defendant was so convicted, then, by pleading guilty, the defendant will lose the right to attack any sentence the court imposes by challenging any such prior conviction.

d. **Sentencing guidelines:**

   i. In the event that the Court rejects the Plea Agreement and the defendant does not withdraw the guilty plea, the defendant understands that actual sentence to be imposed

upon the defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, as described above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. While the Court is not bound to impose a sentence within the applicable sentencing guidelines range, it must take into account the sentencing guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

e. **Factual findings:** The defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant understands that the sentence imposed may be determined based upon such judicial fact-finding.

f. **Use of the Defendant's Statements:** The defendant understands that the sentencing court may consider any statement that the defendant has made or makes in this Plea Agreement, during the guilty plea, to the Probation Office, and at sentencing when imposing sentence. In addition the government may be able to use the defendant's statements in this agreement and at the guilty plea and at sentencing in any criminal, civil, or administrative proceeding. For example, if the defendant fails to enter a guilty plea (as required by this agreement) or the defendant's guilty plea is later withdrawn or vacated for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5), the government may introduce the defendant's statements into evidence in any prosecution. If, however, the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5), and the defendant

13

withdraws the guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A), the government will not be permitted to use any of the defendant's statements in this Plea Agreement. To the extent that Rule 11(f) of the Federal Rules of Criminal Procedure and/or Rule 410 of the Federal Rules of Evidence are inconsistent with this paragraph, the defendant waives (gives up) any protections under those rules.

g. **Sentencing-Related Information:** The government has the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the count(s) to which the defendant has agreed to plead guilty, subject only to the limitation described in U.S.S.G. §1B1.8. No stipulation in this plea agreement limits the obligations of both parties to ensure that the sentencing Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any factual information relevant to sentencing to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report. The parties agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this plea agreement.

h. **Supervised Release Term and Conditions:** If the defendant is placed on supervised release, under some circumstances, including the defendant's violation of one or more supervised release conditions, the Court may extend the term of supervised release, and may modify, reduce, or enlarge the conditions of such release.

E. **Government's Obligations Contingent on Imposition of Agreed-Upon Sentence:** If the Court imposes a sentence less severe than the agreed-upon disposition, the government has no obligation to dismiss existing charges or refrain from seeking additional charges. The

defendant waives (gives up) any defense or objection to the commencement of any prosecution for new charges that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

F. **Other Adverse Consequences:** The following are some examples of the adverse consequences of pleading guilty other than the sentence imposed by the Court, along with any judicial order of forfeiture and/or restitution:

    a. Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

    b. If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship. Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud. Removal and other immigration consequences are the subject of a separate proceeding. No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction resulting from this agreement on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

c. A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

There may be other adverse consequences as well, some of them unforeseeable. It may be difficult or impossible to predict all of the adverse consequences of the defendant's guilty plea. The defendant agrees that any resulting adverse consequences, whether or not foreseen or foreseeable, will not provide a basis for withdrawing from the guilty plea described in this agreement or otherwise challenging the resulting conviction and sentence.

G. **Restitution:** Independent of any agreement to pay restitution, and whether there is any such agreement, the sentencing Court may be required to order that the defendant pay restitution to any victim of the offense(s) of conviction under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. In addition, the sentencing Court may have the authority to order that the defendant pay restitution to any victim of the offense(s) of conviction pursuant to 18 U.S.C. §§ 3663 & 3664. In any case involving a conviction for a sexual exploitation offense in chapter 110 of title 18 of the United States Code, the Court must order restitution for the full amount of the victim's losses as determined by the court. The victim's losses include, but are not limited to medical services related to physical, psychiatric, or psychological care; physical or occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorney's fees and other costs; and any other losses suffered by the victim as a proximate result of the offense. The restitution payment will be in addition to any other civil or criminal penalty authorized by law.

11. **Forfeiture:** If the defendant has agreed to forfeiture of assets, the defendant agrees to the following terms and conditions:

   a.   The defendant hereby forfeits, to the United States, all right, title, and interest of any nature in any and all assets that are subject to forfeiture, including substitute assets, as set forth above, whether those assets are in the possession or control of the defendant, a nominee, or some other third party.

   b.   The defendant consents to the entry of an order of forfeiture of the assets described above.

   c.   The defendant is aware that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, a preliminary order of forfeiture becomes final as to a given defendant at sentencing or at any time before sentencing if the defendant consents. The defendant consents that the preliminary order of forfeiture in this case shall become final as to the defendant before sentencing, as of the date the preliminary order of forfeiture is entered by the Court. The defendant understands that the government, upon entry of the preliminary order of forfeiture, will address any potential third party claims pursuant to Rule 32.2(c), and seek to finalize forfeiture.

   d.   Forfeiture of the defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other monetary penalty that the Court may impose upon the defendant in addition to forfeiture. Satisfaction of all, or any portion of, any restitution, fine, or other penalty that the Court may impose upon the defendant in addition to forfeiture will not satisfy all, or any portion of, any forfeiture judgment ordered by the Court.

   e.   In the event that any successful claim is made, by any third party, to the assets described above, the defendant agrees to forfeit substitute assets equal in value to the assets

transferred to any such third party. The defendant agrees that forfeiture of substitute assets shall not be deemed an alteration of the Defendant's sentence.

f.  The defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets, including but not limited to, surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

g.  The defendant waives the right to a jury trial on the forfeiture of assets. The defendant waives all constitutional, legal, and equitable defenses to the forfeiture of assets, as provided by this agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

h.  The defendant acknowledges that the government may institute civil or administrative proceedings against any or all of the defendant's forfeitable assets, including, but not limited to substitute assets and any forfeitable assets not identified by the defendant, and agrees not to contest any such forfeiture proceedings.

i.  The defendant represents and warrants that the defendant has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this plea agreement, other than those listed above.

j.  In the event the government determines that the defendant has breached any condition of this plea agreement, none of the forfeited property shall be returned to the defendant, nor shall the defendant assert any claim to the forfeited property. The defendant shall not

18

reacquire any forfeited property, directly or indirectly, through family members, nominees, friends, or associates.

I. **Determination of Financial Condition and Payment of Interest and Penalties:**

   a. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

   b. The defendant will promptly submit a complete, accurate, and truthful financial statement to the United States Attorney's Office, in a form it provides and as it directs.

   c. The defendant authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

   d. Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the defendant's sentence, from as early as the date of sentencing.

J. **Remedies for Breach:**

   a. Should the government determine that the defendant, after the date the defendant has signed this plea agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has moved to withdraw the defendant's guilty plea for reasons other than those described in this agreement or otherwise has breached any term or condition of this plea agreement or supplemental agreements with the government, the government will have the right, in its sole discretion, to void this agreement, in whole or in part. In the event of such breach, the defendant will

remain obligated to plead guilty and otherwise comply with the terms of this agreement and will not be permitted to withdraw the defendant's guilty plea under this agreement. The defendant will be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to charges that this Office has agreed to dismiss or not to prosecute under this agreement.

b. If the defendant breaches this agreement, the government will have the following remedies, among others, available to it:

    i. To bring prosecution for any federal criminal offenses dismissed or not prosecuted under this agreement. The defendant waives (gives up) any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

    ii. In connection with any such prosecution, any information, statement, and testimony provided by the defendant, and all leads derived therefrom, may be used against the defendant, without limitation and without regard to any rights the defendant may have under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

    iii. To utilize any information, statement, or testimony provided by the defendant in any proceeding, including at sentencing, notwithstanding U.S.S.G. §1B1.8;

    iv. To advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range without regard to any contrary stipulations contained in this agreement;

v. To refrain from making any sentencing-related motion favorable to the defendant without regard to any provision in this agreement obligating the government to consider making or make such motion upon fulfillment of certain conditions;

vi. To urge the sentencing Court to take the defendant's breach into account when imposing sentence;

vii. To recommend any sentence the government deems appropriate, even if such recommendation is at odds with any stipulation in this agreement.

K. **Limitations:** This agreement is between the United States Attorney's Office for the Northern District of New York and the defendant. References to "the government" in this agreement refer only to that Office. This agreement does not bind any other federal, state, or local prosecuting authorities. Furthermore, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, proceedings relating to the forfeiture of assets, and proceedings by the Department of Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the defendant.

L. **Agreement Must be Signed; Modifications Must be Written or on the Record:** This agreement, to become effective, must be signed by all of the parties listed below. No promises, agreements, terms, or conditions other than those set forth in this plea agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

M. **Agreement to Plead Guilty Voluntary:** The defendant acknowledges reading each of the provisions of this plea agreement with the assistance of counsel and understands its provisions. The defendant further acknowledges that the defendant's agreement to plead guilty is voluntary and did not result from any force, threat, or promises (other than the promises in this plea agreement and any written supplemental agreements or amendments).

GRANT C. JAQUITH
United States Attorney

GEOFFREY J.L. BROWN
Assistant United States Attorney
Bar Roll No. 513495

3 / 2 9 / 18
Date

JORDAN BOSSEV
Defendant

3/29/18
Date

obo Lisa Peeble

LISA PEEBLES
Attorney for Defendant
Bar Roll No.

3/29/18
Date