IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************
UNITED STATES OF AMERICA,            Case No. 5:17-CR-327 (GTS)
                                     Case No. 5:17-CR-224 (GTS)
v.

IORDAN BOSSEV,                       GOVERNMENT'S SENTENCING
                                     MEMORANDUM
            Defendant.
***********************************

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court accept the parties' agreed-upon disposition, and impose a sentence of 6 years, with a term of lifetime supervised release.

## INTRODUCTION

On March 29, 2018, the defendant, pursuant to a binding plea agreement, entered a plea of guilty to Counts 1 and 2 of a two-count Indictment, 17-CR-327, charging him with receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). He also pled guilty to Counts 3 and 4 of four count indictment, 17-CR-224, charging him with Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor and Persuading, Inducing, and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity in violation of 18 U.S.C. §§ 2423(b) and 2422(a).

Sentencing is currently set for August 6, 2018.

1

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1) Statutory Sentencing Provisions**

Count 1:  Receipt of Child Pornography (Case No. 5:17-CR-327 (GTS))

    (1)    Maximum term of imprisonment: 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

    (2)    Mandatory minimum term of imprisonment: 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

    (3)    Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

Count 2:  Possession of Child Pornography (Case No. 5:17-CR-327 (GTS))

    (1)    Maximum term of imprisonment: 10 years, pursuant to 18 U.S.C. § 2252A(b)(2).

    (2)    Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

Count 3:  Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct with a Minor (Case No. 5:17-CR-224 (GTS))

    (1)    Maximum term of imprisonment: 30 years, pursuant to 18 U.S.C. § 2423(b).

    (2)    Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

Count 4:  Persuading, Inducing and Enticing an Individual to Travel in Interstate Commerce to Engage in Sexual Activity (Case No. 5:17-CR-224 (GTS))

    (1)    Maximum term of imprisonment: 30 years, pursuant to 18 U.S.C. § 2422(a).

    (2)    Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

**Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the

Forfeiture Allegation of the Indictment and the Plea Agreement, pursuant to 18 U.S.C. § 2253. These items include:

**2) Special Assessment**

A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015. In addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014.

**3) Restitution**

The defendant has consented to an order of restitution pursuant to 18 U.S.C. §2259(b) directing him to pay restitution to this victim in the amount of $10,000.

**4) Guidelines Provisions**

    **a. Offense Level Computation**

According to the presentence report, the defendant's Total Offense Level is 40. PSR ¶ 46. The government agrees with the Probation Office's determination of the defendant's Total Offense Level.

    **b.    Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. PSR ¶ 48. The government agrees with the Probation Office's determination of the defendant's criminal history category.

    **c.    Offense Level/Guidelines Calculation**

The Government has no objection to the offense level calculations in the PSR, resulting in a total offense level of 40, a Criminal History Category of I and a Guidelines range of 292-365 months. PSR ¶¶ 33-48, 70.

### d.     Supervised Release

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense. Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life. U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶ 78.

### e.     Fine

The Government agrees with the conclusion set forth in the PSR that the defendant does not appear to have the ability to pay a fine. PSR ¶ 68.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, including the information set forth in detail in the PSR and otherwise in the court record, the parties have agreed that a sentence of 6 years imprisonment and lifetime supervised release is sufficient, and not greater than necessary to meet the goals of sentencing and adequately addresses the factors set forth in 18 U.S.C. § 3553(a). While representing a significant departure from the Guidelines sentence of 24-30 years, the agreed-upon sentence addresses the many goals of sentencing, including the seriousness of the defendant's crimes, and the harm caused by them.

The defendant met the victim on-line in the Spring of 2015 in an on-line gaming forum. The defendant's communications with the victim became sexual in nature and the defendant sought

and received via the internet numerous sexually explicit images of the victim. In May 2015, after approximately 2 months of sending sexually explicit images back and forth the defendant traveled from Louisiana to Watertown to meet the victim for the purpose of engaging in illicit sexual conduct with the victim. When the defendant arrived he and the victim spent parts of 2 days in a hotel room the defendant rented engaging in illicit sexual activities.

In November of 2015, the defendant traveled to Jefferson County with the intention of running away with the victim so the two could further engage in illicit sexual activity. From November 2015 to December 2016, the defendant continued to engage in illicit sexual conduct with the victim while the two lived together in San Francisco, California, Seattle, Washington and Portland, Oregon.

This defendant's conduct in this case is troubling to say the least and clearly warrants significant punishment. However, this case differs from many child pornography and child exploitation cases for a number of reasons and those differences are what led the government to conclude that the proposed plea agreement which is significantly below the guideline range is the appropriate disposition for this case. One factor which immediately separates this case from most is the closeness in age of the defendant and the victim at the time the crimes occurred. The defendant at the time the conduct commenced was a 19 years old and the victim was 14 years old. The defendant did not find the victim in this case on a web site geared toward facilitating sexual relationships between adults and children. Rather, the two met on a gaming website. Forensic analysis of the defendant's electronic devices revealed no evidence that the defendant was pursuing sexual relationships with other minor victims before he met the victim in this case or that he pursued any sexual relationships with any minors after he met the victim in this case. Similarly, the images of child pornography recovered on the defendant's electronic devices were exclusively

images sent by the victim in this case to the defendant. No images of other children were found nor was there any indication that any were sought by the defendant. Furthermore, while the defendant and victim were living together there is no evidence that the defendant took or received any pornographic images of the victim. Finally, the defendant has no criminal history or prior run-ins with law enforcement.

The parties arrived at the agreed-upon sentence of 6 years and lifetime supervised release by balancing the nature of the offenses committed by Bossev and the impact his crimes has had and will continue to have on his victim with all of the other relevant sentencing factors.[1] While short of the recommended guideline sentence for the now 22-year-old Bossev this sentence nevertheless ensures just punishment for his crimes, reflects the seriousness of his offenses, promotes respect for the law, provides adequate deterrence, and will protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a). As such, the Government requests that the Court accept the parties' plea agreement, and sentence the defendant accordingly.

Respectfully submitted this 19th day of July, 2018.

                                                  GRANT JAQUITH
                                                  United States Attorney

By:    */s/ Geoffrey J. L. Brown*
        Geoffrey J. L. Brown
        Assistant United States Attorney
        Bar Roll No. 513495

---

[1] The Victim's family has been consulted about the proposed disposition of this matter and fully supports it.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2018 the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record for the defendant.

*/s/ Jennifer Buggs*
Jennifer Buggs
Legal Assistant